**UNITED STATES of America,**
**Appellee,**

v.

**Kenneth STEVENS, Defendant–**
**Appellant.**

No. 05–3764–cr.

United States Court of Appeals,
Second Circuit.

March 12, 2007.

Tina Schneider, Portland, ME, for Appellant.

Benjamin Gruenstein, Assistant United States Attorney (Jonathan R. Streeter, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Kenneth Stevens was convicted of four counts of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced principally to 216 months' imprisonment. At trial, it was established that immediately following a robbery at the Chase Bank at 225 Park Avenue South in Manhattan, Stevens was apprehended outside the Union Square subway station carrying a sack of money equal to the amount taken from the bank. His fingerprints matched those on the note passed to the teller, which read "I have A Bomb in the Bag. All the money." Following additional investigation, Stevens was linked to three prior bank robberies through, *inter alia*, witness identification and fingerprint evidence. In each robbery, the perpetrator threatened the teller by claiming to have a bomb in a bag. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court did not abuse its discretion by refusing to conduct a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), on the reliability of fingerprint evidence. Such a hearing is not required "in ordinary cases where the reliability of an expert's methods is properly taken for granted." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Stevens points to no evidence that would compel the conclusion that the testimony of a fingerprint expert is a "less usual or more complex case[ ] where cause for questioning the expert's reliability arises." *Id.; see also United States v. Salameh,* 152 F.3d 88, 128–29 (2d Cir.1998) (approving of admission of fingerprint evidence).

Nor was it error for the district court to sentence Stevens on the basis of his prior convictions, despite the fact that the convictions were not alleged in the indictment or found by the jury beyond a reasonable doubt. Stevens invites us to ignore (or tacitly overrule) the Supreme Court's opinion in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); we lack the power to do so.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**